# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ARTHUR GAY,<br>*Defendant.* | Case No. 25-MJ-4028 |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about February 26, 2025, in the County of Monroe, in the Western District of New York, the defendant, violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute cocaine & MDMA |
| 18 U.S.C. § 924(c)(1)(A)(i) | Possession of a firearm in furtherance of a drug trafficking crime |

This Criminal Complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

_____
ANDREW ELLENBERGER, Special Agent
Drug Enforcement Administration
*Printed name and title*

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim. P. 4.1 and 4(d) on:

Date: February 26, 2025

City and State: Rochester, New York

_____
*Judge's signature*

HONORABLE MARK W. PEDERSEN
United States Magistrate Judge, WDNY
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v -

ARTHUR GAY,

                Defendant

25-MJ-4028

---

STATE OF NEW YORK  )
COUNTY OF MONROE  ) SS:
CITY OF ROCHESTER  )

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, **ANDREW ELLENBERGER**, being duly sworn, deposes and states:

### INTRODUCTION

1.    I am a Special Agent with the Drug Enforcement Administration (DEA), and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510 (7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516 (1). I was hired by the DEA in September of 2010, and I attended the DEA academy for approximately twenty weeks. At the DEA Academy, I was trained in the various aspects of conducting narcotics investigations. In January 2011, I was sworn as a DEA Special Agent and I am currently assigned to the DEA Rochester Resident Office, Rochester, NY. As a DEA Special Agent, I investigate criminal violations of the Federal and State controlled substance laws including, but not limited to, conspiracy and

attempt to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846; possession with intent to distribute, distribution and manufacture of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1); and use of communication facilities to facilitate drug trafficking offenses, in violation of Title 21, United States Code, Section 843(b). I have been personally involved in over 100 narcotics investigations, and as such I am familiar with the various methods used by narcotics traffickers to transport, store and distribute narcotics and narcotics proceeds. I have experience with a wide range of investigative techniques, including various types of visual and electronic surveillance, the interception of wire communications, and the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, controlled deliveries, use of search and arrest warrants, management and use of informants, pen registers, the laundering and concealing of proceeds from drug trafficking, and the street gangs who participate in these illegal activities.

2.   This Affidavit is submitted in support of a Criminal Complaint charging ARTHUR GAY (hereafter "**GAY**") with violations of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute cocaine & MDMA), and Title 18, United State Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime).

3.   As more fully described below, the facts in this affidavit are based on a combination of my personal participation in this investigation, review of reports and documents completed by various police and other government agencies and

2

telecommunications providers, conversations with other law enforcement officers involved in this investigation, and my review of conversations and visual observations that have been intercepted and viewed pursuant to court-authorized audio/visual surveillance. The conclusions drawn in this affidavit are based on my training and experience as well as on the advice of other experienced narcotics investigators. Because this Affidavit is being submitted for a limited purpose, I have not included each fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe that **GAY** committed the specified offenses.

## FACTS ESTABLISHING PROBABLE CAUSE

4. DEA Rochester has been investigating the drug trafficking activities occurring at 10 Austin Street in the City of Rochester. On February 21st, 2025, the Honorable Julie Hahn, Monroe County Court Judge, signed a search warrant authorizing the search of 10 Austin St – downstairs apartment, Rochester, NY 14606. The residence was a duplex with a downstairs apartment and upstairs apartment. On February 26th, 2025, investigators from DEA and the Rochester Police Department executed the search warrant on 10 Austin Street. **GAY** was located in the living room of the residence and detained by investigators. During a search of **GAY**'s person, investigators located two plastic bag containing approximately 31 grams of a white powdery substance including packaging, and approximately 90 small yellow pills packaged in approximately 9 separate small containers. The white powdery substance was field tested and returned positive for cocaine. The yellow pills were also field tested and returned positive for MDMA. Upon a search of the residence, investigators located a Davis Industries Model P-380 semiautomatic pistol with 6 rounds in the magazine, which was inserted in the firearm, and no round in the chamber.

3

The pistol was located in a downstairs bedroom inside of a bag that was found inside of a large tote. On the living room couch, investigators located a small clear vial containing approximately 10 small yellow pills, which were field tested and returned positive for MDMA. Also located in the living room were multiple scales, some of which contained white powder residue, and large quantities of packaging materials including vials and sandwich bags.

5. Following the execution of the warrant, **GAY** was arrested and transported to the DEA Rochester Resident Office. While still on scene at the residence, **GAY** was read his Miranda Warnings and agreed to speak with investigators. During the course of the interview, **GAY** admitted to having purchased the gun, and that he purchased it for the purpose of protection. GAY further admitted that he purchased about an ounce of cocaine every two to three months and sold it over the course of that time. **GAY** also admitted to possessing the MDMA, admitting that it was ecstasy, and that he sold and gifted it to others, mostly at parties.

6. Based on my training and experience, the amount of cocaine and MDMA that was seized, the scales containing residue, and the packaging materials, I believe **GAY** possessed the above-described cocaine and MDMA with the intent to distribute, as opposed to personal use. Additionally, based on my training and experience, your Affiant is aware that traffickers of controlled substances commonly possess firearms to protect themselves, their supply of drugs, and the proceeds from the sale of drugs. This is particularly so when the guns are loaded and fully capable of being used in an emergency.

4

## CONCLUSION

7.   **WHEREFORE,** based on the above information, I submit there is probable cause to believe that on or about February 26, 2025 in the City of Rochester, County of Monroe, in the Western District of New York, the defendant, ARTHUR **GAY**, was in violation of Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute cocaine & MDMA), and Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime).

ANDREW ELLENBERGER
Special Agent
Drug Enforcement Administration

Affidavit and Criminal Complaint Submitted electronically
by email in .pdf format. Oath administered, and contents
and signature, attested to me as true and accurate
telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d)
on February 26, 2025.

HON. MARK W. PEDERSEN
United States Magistrate Judge
Western District of New York

5